DIXON v. STATE.

Nov. 3, 1952

No. 38500          6 Adv. S. 11          60 So. 2d 780

*Marshall Perry,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

McGEHEE, C. J.

Annie P. Dixon has appealed from a conviction of the crime of murder and a sentence of life imprisonment in the state penitentiary. According to the proof on behalf of the State, she stabbed Arlena McCray, another Negro woman, in the neck about one inch above the collarbone and the victim died a few minutes later while en route to the hospital. A physician testified that the cut made by the knife was the cause of death.

According to the State's theory, Arlena McCray was seated alone in a booth at the back end of a cafe at about midnight when Annie Dixon approached her from toward the front and stabbed her in the neck. That thereupon a tussle ensued wherein Arlena knocked Annie down a time or two where her husband, L. C. McCray, held her on the floor until Annie's knife was taken from her hand by the owner of the cafe; and that there was considerable blood on and about the table in the booth where the victim of the cutting was seated at the time she was assaulted.

The appellant and the deceased had been in the cafe since about 8 o'clock that night. It is admitted that three or four hours prior to the homicide, Annie Dixon had pushed the arm of Arlena McCray off a music box to the extent that she would be enabled to deposit a coin therein, and that nothing further occurred until the time of the fatal assault. But it is contended by the defendant that the difficulty occurred at the music box near midnight when Arlena inquired as to why the defendant had pushed her arm off the music box earlier in the evening, and says that Arlena then struck her such a blow with her fist as to knock her senseless and that she did not know what happened thereafter.

The defendant had been seen with a "crab apple switch" knife open in her hand at the cafe some time before the assault. The music box was several feet from the booth where the blood was found. Some of the witnesses did not see just where the difficulty started nor who was the aggressor, but the wife of the cafe owner testified that she was looking in the direction of the booth when Annie went there and assaulted Arlena vi ;h knife and at a time when the latter was not attempting to do her any harm. The owner of the cafe who took the defendant's knife from her hand testified that he did not see the cutting. Suffice it to say, the testimony was conflicting and the jury resolved the issue of fact against the defendant.

The physical facts as to the blood being found on the table and about the booth strongly corroborated the State's theory that the assault occurred there rather than at the music box several feet away. And we are of the opinion that the appellant is in error in contending that the corpus delicti was not established and that the proof was insufficient to sustain the conviction of murder. The jury was afforded the opportunity to find the accused guilty of manslaughter in the event they accepted her version as to what caused her to commit the homicide;

but the jury accepted the contrary version which established the crime of murder.

Complaint is made as to the refusal of instructions requested by the defendant, but we find that the fifteen instructions granted unto her were ample to present the law relating to her defense.

We are unable to agree that any error was committed in the trial court that would justify a reversal of the case, and the judgment and sentence appealed from must therefore be affirmed.

Affirmed.

*Lee, Kyle, Arrington* and *Ethridge, JJ.*, concur.